IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA AVILA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-C-2296 |
| | ) | |
| v. | ) | |
| | ) | |
| RAND OIL, INC. and ALPESH PATEL | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, as a Complaint against Defendants, alleges the following:

## NATURE OF THE CASE

1.       This is an action under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, Illinois Minimum Wage Law, 820 ILCS 105/4a, and Illinois Wage Payment and Collection Act, 820 ILCS 115, to recover unpaid overtime wages for a convenience store clerk. In violation of federal and state overtime laws, Defendants paid Plaintiff only regular wages with no overtime premium for hours worked in excess of forty in a single workweek. Defendants also retaliated against Plaintiff by terminating her employment after she asserted her statutory right to overtime pay. As a remedy, Plaintiff seeks the recovery of her unpaid back wages, liquidated and statutory damages, prejudgment interest and attorney's fees and costs.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. §216(b) (Fair Labor Standards Act).

3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they are so closely related to the federal claims that they form part of the same Article III case.

4.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a Defendant resides in this District and a substantial part of the events and omissions at issue took place in this District.

## PARTIES

5.     Plaintiff Maria Avila worked for Rand Oil, Inc., an Exxon Mobil gas station and convenience store, and Alpesh Patel from November 2012 to August 2013.

6.     Defendant Rand Oil, Inc. ("Rand Oil") is an Illinois corporation with its principal place of business in West Chicago, DuPage County, Illinois.

7.     Defendant Rand Oil is an enterprise as defined in Section 3(r)(l) of the Fair Labor Standards Act, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C.§203(s)(1)(A).

8.      Defendant Rand Oil is an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §203; the Illinois Minimum Wage Law, 820 ILCS 105/3(c); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

9.      Defendant Alpesh Patel ("Patel") was at all times relevant the owner and operator of Rand Oil and responsible for its day-to-day business operations. Patel also supervised Plaintiff's employment.

10.     At all times relevant, Defendant Patel was an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §203; the Illinois Minimum Wage Law, 820 ILCS 105/3(c); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

11.     Defendants Rand Oil and Patel jointly employed Plaintiff and are jointly and severally liable for the violations of law alleged in this Complaint.

## FACTUAL ALLEGATIONS

12.     Plaintiff worked for Rand Oil, Inc., an Exxon Mobil gas station and convenience store, from November 2012 to August 2013.

13.     At all times relevant, Defendant Patel owned and managed the gas station and convenience store and supervised Plaintiff's employment.

14.     Plaintiff's job was that of a convenience store clerk.

15.     Plaintiff's work was covered, not exempt, from the overtime mandates of federal and state law.

16.     Under Patel's management, Plaintiff regularly worked in excess of 40 hours each workweek.

3

17.     Contrary to federal and state law, Plaintiff never received premium overtime pay of one and one-half times her regular rate of pay for each hour worked in excess of 40 in a single workweek, as required by the Illinois Minimum Wage Law (IMWL) and the Fair Labor Standards Act (FLSA). Instead, she was paid a flat rate of $10.50 for each hour worked.

18.     In addition, each month, Plaintiff worked a number of hours for which she received no compensation at all. Specifically, Plaintiff was required to drive her personal vehicle to a grocery store to purchase items for Defendants but was never paid for this work or reimbursed for the use of her vehicle.

19.     On multiple occasions, Plaintiff asked Patel to pay her overtime wages as required by law, but he continually denied her requests.

20.      In August 2013, Plaintiff made one final request for proper overtime pay. Shortly thereafter, Patel told her that her employment was terminated because the store could not afford to pay its employees overtime.

## COUNT I
## FAIR LABOR STANDARDS ACT, 29 U.S.C. §207
## UNPAID OVERTIME WAGES

21.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

22.     Through their actions described above, Defendants failed to pay Plaintiff her mandated overtime wages in violation of 29 U.S.C. §207.

23.     Defendants' violations of 29 U.S.C. §207 were willful.

24.     Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 29 U.S.C. §207.

WHEREFORE Plaintiff prays for relief as follows:

    A.  The entry of judgment in her favor and against Defendants on Count I, jointly and severally;

    B.  An order awarding Plaintiff an amount equal to her unpaid overtime wages and an additional and equal amount in liquidated damages pursuant to 29 U.S.C. §216(b);

    C.  An order awarding Plaintiff her costs including reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. §216(b); and

    D.  Such other and further relief as the Court deems just and proper.

**COUNT II**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a**
**UNPAID OVERTIME WAGES**

25.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

26.     Through their actions described above, Defendants failed to pay Plaintiff her mandated overtime wages in violation of 820 ILCS 105/4a.

27.     Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 820 ILCS 105/4a.

WHEREFORE Plaintiff prays for relief as follows:

    A.  The entry of judgment in her favor and against Defendants on Count II, jointly and severally;

B. An order awarding Plaintiff her unpaid overtime wages plus a penalty in the amount of 2% of the underpayment per month for the length of the violation;

C. An order awarding Plaintiff her costs including reasonable attorney's fees pursuant to 820 ILCS 105/12;

D. An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

E. Such other and further relief as the Court deems just and proper.

**COUNT III**
**ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115**
**UNPAID WAGES**

28.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

29.     The Illinois Wage Payment and Collection Act (IWPCA) mandates the prompt payment of all wages and final compensation earned by covered employees. 820 ILCS 115/3 and 115/4.

30.     Through their actions described above including by failing to pay Plaintiff her mandated overtime wages and her time spent working off-the-clock, Defendants violated 820 ILCS 115/3 and 115/4.

31.     Defendants jointly employed Plaintiff and are jointly and severally liable for the violations of 820 ILCS 115/3 and 115/4.

WHEREFORE Plaintiff prays for relief as follows:

6

A.  The entry of judgment in her favor and against Defendants on Count III, jointly and severally;

B.  An order awarding Plaintiff her unpaid wages plus a penalty in the amount of 2% of the underpayment per month for the length of the violation pursuant to 820 ILCS 115/14a;

C.  An order awarding Plaintiff her costs including reasonable attorney's fees pursuant to 820 ILCS 115/14a;

D.  An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

E.  Such other and further relief as the Court deems just and proper.

## COUNT IV
## FAIR LABOR STANDARDS ACT, 29 U.S.C. §215
## RETALIATION

32.    Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

33.    The FLSA prohibits an employer from discharging an employee because that employee has complained of a violation of the FLSA. 29 U.S.C. §215(a)(3).

34.    Through their actions described above, Defendants violated 29 U.S.C. §215(a)(3).

35.    Defendants' violation of 29 U.S.C. §215(a)(3) was willful.

36.    Defendants jointly employed Plaintiff and are jointly and severally liable for the violation of 29 U.S.C. §215(a)(3).

7

WHEREFORE, Plaintiff prays for relief as follows:

A.  The entry of judgment in her favor and against Defendants on Count IV, jointly and severally;

B.  An order awarding Plaintiff her lost wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

C.  An order awarding Plaintiff other legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. §215(a)(3) including reinstatement or front pay in lieu of reinstatement;

D.  An order awarding Plaintiff her costs including reasonable attorney's fees pursuant to 29 U.S.C. §216(b);

E.  An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

F.  Such other and further relief as the Court deems just and proper.

## COUNT V
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/14(c), RETALIATION

37.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

38.     The IWPCA prohibits an employer from discharging an employee because that employee has complained of a violation of the IWPCA. 820 ILCS 115/14(c).

39.     Through their actions described above, Defendants violated 820 ILCS 115/14(c).

40.     Defendants' violation of 820 ILCS 115/14(c) was willful.

41.     Defendants jointly employed Plaintiff and are jointly and severally liable for their violation of 820 ILCS 115/14(c).

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A.  The entry of judgment in her favor and against Defendants on Count V, jointly and severally;

B.  An order awarding Plaintiff her lost wages dating back to the time she was unlawfully terminated pursuant to 820 ILCS 115/14(c);

C.  An order awarding Plaintiff all legal and equitable relief as may be appropriate to effectuate the purposes of 820 ILCS 115/14(c);

D.  An order awarding Plaintiff her costs including reasonable attorney's fees pursuant to 820 ILCS 115/14(c);

E.  An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

F.  Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: March 31, 2014                    Respectfully submitted,

/s Marni Willenson
Willenson Law, LLC
542 S. Dearborn St., Suite 610
Chicago, IL 60605
312-546-4910; 312-261-9977 Fax
marni@willensonlaw.com

Attorney for Plaintiff